UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL ANDREW TORFASON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LOWE, et al.,<br><br>Defendants. | Case No. 20-cv-07037-JSW<br><br>**ORDER OF SERVICE; DENYING LEAVE TO FILE THIRD AMENDED COMPLAINT AND REQUEST FOR FURTHER SUBPOENA**<br><br>Re: Dkt. Nos. 22, 23 |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against Monterey County Sherriff's Department officials for violating his constitutional rights when he was at the Monterey County Jail.  The First Amended Complaint (ECF No. 12) against officials named as "Doe" defendants was found to state cognizable claims for relief, but Plaintiff was ordered to provide the names of these "Doe" defendants.  Plaintiff has named the Defendants (Deputies Michael Lowe and Matthew Sullivan) in a Second Amended Complaint (ECF No. 20).  The Second Amended Complaint, when liberally construed, alleges that Lowe and Sullivan were responsible for allowing another inmate gain access to --- and ultimately assault --- Plaintiff, and these allegations state a claims for relief against them under Section 1983.

Plaintiff's motion for leave to file a Third Amended Complaint is DENIED.  He does not include a proposed Third Amended Complaint, but he states that he wants to add unnamed Doe defendants who allegedly failed to give him adequate medical care for his injuries.  Such claims are not properly joined into this case because they are against different Defendants --- i.e., nurses and doctors at the jail, not Sullivan and Lowe --- and are based upon different transactions and occurrences --- i.e., medical care, not controlling inmates' access to each other.  *See* Fed. R. Civ. P. 18, 20.  Plaintiff may bring those claims in a new and separate case but not here.  Accordingly, the motion for leave to file a Third Amended Complaint and the request for a subpoena to learn

United States District Court
Northern District of California

1  the name of the new defendants are DENIED.

2       1.      The Clerk shall issue a summons and the United States Marshal shall serve, without

3  prepayment of fees, the summons, a copy of the Second Amended Complaint with any

4  attachments, and a copy of this order on Michael Lowe and Matthew Sullivan at the Monterey

5  County Jail.

6       The Clerk shall also mail a courtesy copy of this order to the Monterey County Counsel's

7  Office.

8       2.      Defendants shall complete and file an answer in accordance with the Federal Rules

9  of Civil Procedure.

10      3.      To expedite the resolution of this case:

11      a.  No later than **91** days from the date this order is issued, Defendants shall file a

   motion for summary judgment or other dispositive motion.  The motion shall be supported by

12  adequate factual documentation and shall conform in all respects to Federal Rule of Civil

13  Procedure 56, and shall include as exhibits all records and incident reports stemming from the

14  events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary

15  judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

16  All papers filed with the Court shall be promptly served on Plaintiff.

17      b.  At the time the dispositive motion is served, Defendants shall also serve, on a

18  separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th

19  Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

20      c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

21  Court and served upon Defendants no later than **28 days** from the date the motion is filed.

22  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

23  pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

24      d.  Defendants shall file a reply brief no later than **14** days after the opposition is

25  filed.

26      e.  The motion shall be deemed submitted as of the date the reply brief is due.  No

27  hearing will be held on the motion unless the Court so orders at a later date.

28

5.      All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: May 4, 2022

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

4