UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL ANDREW TORFASON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LOWE, et al.,<br><br>Defendants. | Case No. 20-cv-07037-JSW<br><br>**ORDER GRANTING RECONSIDERATION AND LEAVE TO FILE THIRD AMENDED COMPLAINT; OF FURTHER SERVICE; DENYING MOTION TO COMPEL**<br><br>Dkt. Nos. 32, 35 |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. He has filed a motion for reconsideration of the order denying him leave to file a Third Amended Complaint, and he has also submitted a proposed Third Amended Complaint adding claims against two new Defendants – the County of Monterey and Sheriff Bernal. When liberally construed, it states cognizable claims against these Defendants, as well as against Defendants Sullivan and Lowe for violating his constitutional rights by failing to protect him from being assaulted by another inmate. Accordingly, the motion for reconsideration is GRANTED, leave to file the Third Amended Complaint is GRANTED, and service will be ordered upon the County and Sheriff Bernal.

Accordingly, it is hereby ordered as follows:

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the Third Amended Complaint with any attachments, and a copy of this order on the County of Monterey and Monterey County Sheriff Bernal.

2. Defendants shall complete and file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

   a. No later than **91** days from the date this order is issued, Defendants shall file a

motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

        c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

        d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

        e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

        f. The briefing schedule for dispositive motions set by the prior Order of Service is vacated.

    4.    Plaintiff has filed a motion to compel, but he admits that he has not complied with the meet-and-confer requirements of Federal Rule Civil Procedure 37(a). Plaintiff states that because he is incarcerated, he cannot meet and confer with Defendants. He can, by mail with their attorney if necessary. The motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 20, 2022

                                                      _____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.